■ In the Matter of WALTER COHEN et al., as Executors of ELIAS A. COHEN, Deceased, Appellants, v. JOSEPH H. MURPHY et al., Constituting the Tax Commission of the State of New York, et al., Respondents.— MEMORANDUM BY THE COURT. In following its administrative formula as to the allocation of a temporary estate tax payment between tax principal and accrued interest thereon, in practice since 1930 and thus deemed to have received legislative sanction (Matter of Marx v. Bragalini, 6 N Y 2d 322, 332), the respondent commission cannot be said to have acted arbitrarily or capriciously if, indeed, appellants' covering letter forwarding payment can be read to request a method of allocation between the two statutory charges, simultaneously due and owing, at variance with that provided by the formula. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■ In the Matter of the Claim of VERONICA HUBBARD, Respondent, v. LYLE MARSH, Doing Business as JEAN KELLY'S RESTAURANT, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and insurance carrier from a decision and award by the Workmen's Compensation Board for the claimant. The board has found that claimant resided on the premises for the convenience of the employer " both as a means of payment for services, as well as being a ready substitute at all times ". This accident occurred when the claimant who worked for the employer and resided on his premises slipped and fell at the top of a stairway on the premises and suffered injuries. The accident occurred after the place had been closed for business and after claimant had gone to her room for the evening, and while she was on her way to the bathroom. It appears that at a time when claimant had been in the hospital her husband moved into the employer's premises. Sometime thereafter, the employer asked her to work for him as a waitress, but for no wages. Her sole income was the tips which she received, plus her room on the premises. The employer testified that there was a time when he could not pay wages to claimant's husband and they agreed to stay for their room. The record supports the finding that the claimant received her lodging as payment for her services. This appeal falls within the scope of Matter of Galvez v. Gold Coast Enterprises, (23 A D 2d 600, 601) where it was held that where a claimant receives lodging as compensation for working, any injury resulting from normal activities on the premises is compensable. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Staley, Jr., JJ., concur.